# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAMIRAH BELLINGER, individually, and SHAMIRAH BELLINGER as administrator of the ESTATE OF EDWARD BELLINGER,

        Plaintiff,

        v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, SCI ROCKVIEW INSTITUTION, MARIROSA LAMAS, Superintendent of Rockview, ROBERT MARSH, Deputy Superintendent for Centralized Services, JEFFERY ROCKOVAN, Superintendent's Assistant, RICHARD ELLERS, Director, Bureau of Health Care Services, JOHN SYMONS, Medical Director, SCI Rockview, and SEVERAL UNKNOWN CORRECTIONS OFFICERS, PSYCHOLOGIST(S), and DOCTOR(S),

        Defendants.

No. 1:12-cv-2374

Hon. John E. Jones III

## MEMORANDUM & ORDER

### February 1, 2013

Pending before the Court is the Motion to Dismiss (doc. 24) filed by

Defendant John Symons, Medical Director at Pennsylvania State Correctional

Institution Rockview ("SCI Rockview"), seeking dismissal of Counts XIII and

XIV of the Plaintiff's Complaint for failure to file a timely Certificate of Merit as

required by Pennsylvania law. The Motion is deemed unopposed as a result of the Plaintiff's failure to file timely opposition papers as required by and pursuant to Local Rule 7.6. For the reasons that follow, we will grant the Defendant's Motion in its entirety and dismiss Counts XIII and XIV of the Plaintiff's Complaint.

## I.     BACKGROUND

Plaintiff initiated this lawsuit on June 11, 2012, by filing a Complaint (doc. 1) in the United States District Court for the Eastern District of Pennsylvania, where it was assigned to Judge Thomas N. O'Neill, Jr. In her Complaint, the Plaintiff, Shamirah Bellinger, on behalf of the estate of her decedent Edward Bellinger ("Decedent"), asserts claims sounding in wrongful death and survival and professional negligence against Defendant John Symons, the Medical Director for Defendant SCI Rockview, among other Defendants, pursuant to 42 U.S.C. § 1983. The Plaintiff asserts that Defendant Symons, in providing medical treatment to her Decedent, failed to adhere to the requisite professional standards of care resulting in pain and suffering to the Decedent until his ultimate death.

On October 12, 2012, after four (4) months of inaction by the Plaintiff, Judge O'Neill dismissed the case without prejudice for lack of prosecution. (Doc. 2). Notwithstanding the dismissal, on October 14, 2012, the Plaintiff filed several affidavits of service (docs. 3-4) and on October 18, 2012, several co-Defendants

filed a Motion for Transfer of Venue to the Middle District of Pennsylvania (doc. 5). On October 21, 2012, the Plaintiff filed a motion for reconsideration of the non-prejudicial dismissal, which Judge O'Neill granted on October 22, 2012 (doc. 7), reopening and reactivating this litigation. On November 27, 2012, Judge O'Neill granted the motion for change of venue and the case was transferred to this Court. (Doc. 12). A case management conference has been scheduled for February 27, 2013 and an attorney substitution was noted, but there has otherwise been no activity on the docket since the case was transferred.

On January 11, 2013, Defendant Symons filed the instant Motion to Dismiss for Lack of Prosecution (doc. 24) and supporting brief. Local Rule of Court 7.6 requires that briefs in opposition be filed within fourteen (14) days of receipt of the movant's supporting brief. Thus, the Plaintiff's opposition papers were due on or before January 25, 2013. Pursuant to Local Rule 7.6, and as a result of the Plaintiff's failure to file opposition papers, this Motion is deemed unopposed.

## II.    DISCUSSION

In his Motion to Dismiss, Defendant Symons asks the Court to dismiss the Plaintiff's claims against him with prejudice for failure to file a timely Certificate of Merit as required by Pennsylvania Rule of Civil Procedure 1042.3(a). Rule 1042.3(a) provides that "[i]n any action based on an allegation that a licensed

professional deviated from an acceptable professional standard, the attorney for

the plaintiff, or the plaintiff if not represented, shall file with the complaint or

within sixty days after the filing of the complaint, a certificate of merit . . . ." Pa.

R. Civ. P. 1042.3(a). This Court has previously held that Rule 1042.3(a) applies to

cases in federal court. *See Levi v. Lappin*, 2009 U.S. Dist. LEXIS 52227, *2-3

(M.D. Pa. June 22, 2009).

Where a plaintiff fails to file a required Certificate within sixty (60) days of

the commencement of the action, and has neither moved for an extension of time

or a judicial determination that a Certificate of merit is unnecessary, a defendant

may move for a judgment of *non pros* against the plaintiff. *See* Pa. R. Civ. P.

1042.7(a). Pennsylvania Rule 1042.6 provides the additional requirement that

before moving for judgment of *non pros* for failure to file a Certificate, the

defendant must notify the plaintiff of its intention to so move. *See* Pa. R. Civ. P.

1042.6(a). This notice requirement has been declared to be procedural and thus

inapplicable in federal courts; accordingly, a defendant in federal court may move

for judgment of *non pros* in a Rule 12 motion to dismiss without prior notice. *See*

*Santee v. U.S.*, 2009 U.S. Dist. LEXIS 88850, *4 (M.D. Pa. Mar. 24, 2009).[1] This

---

[1] Notwithstanding that notice is not a prerequisite to filing a motion to dismiss in federal court, Defendant Symons provided such notice to the Plaintiff on November 8, 2012. (Doc. 11).

Court has recently reiterated this principle in an unpublished decision. *Kennedy v. City of Lebanon*, No. 1:11-cv-00382 (M.D. Pa. Dec. 21, 2011) (Jones, J.).

A cursory review of the Complaint reveals that the Plaintiff's claim against Defendant Symons falls squarely within Rule 1042.3's Certificate requirement. The Plaintiff alleges that Defendant Symons, in his capacity as Medical Director at SCI Rockview, failed to adhere to the requisite professional standards of care in the medical treatment of the Plaintiff's Decedent and that Defendant Symons' negligence resulted in the pain, suffering, and ultimate death of the Decedent. (*See, e.g.* Doc. 1, ¶ 37(a) (asserting that the Defendant failed "to give Decedent sufficient and proper medical care and attention")).[2] The Plaintiff's claim is of the very type contemplated by Rule 1042.3 and thus her failure to timely file a Certificate of Merit in support of her claims, or alternatively to move for an extension of time or a judicial determination that the same is unnecessary, is fatal to the Plaintiff's professional negligence claim against Defendant Symons.

## III. CONCLUSION

For all of the reasons articulated herein, we will grant Defendant Symons' unopposed Motion to Dismiss (doc. 24) and dismiss Counts XIII and XIV of the

---

[2] Indeed, we presume that the Plaintiff concedes this point in light of her lack of opposition to the instant Motion.

Plaintiff's Complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion to Dismiss (doc. 24) of Defendant John Symons is

    **GRANTED** in its entirety.

2.  Counts XIII and XIV of the Plaintiff's Complaint (doc. 1) are

    **DISMISSED** with prejudice.


s/ John E. Jones III
John E. Jones III
United States District Judge
