IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAMIRAH BELLINGER, individually, and SHAMIRAH BELLINGER as administrator of the ESTATE OF EDWARD BELLINGER, | : : : : : | No. 1:12-cv-2374 Hon. John E. Jones III |
| Plaintiff, | : : | |
| v. | : : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, SCI ROCKVIEW INSTITUTION, *et al.*, | : : : : | |
| Defendants. | : | |

## MEMORANDUM

### April 8, 2013

**I.     INTRODUCTION**

Before the court in the above-captioned action is the Motion to Dismiss of the collective Defendants. (Doc. 34). The Motion is deemed unopposed pursuant to Local Rule 7.6 and this Court's Order (doc. 37) dated March 21, 2013, which admonished the Plaintiff that we would not be loathe to invoke said rule. For the reasons detailed herein, we will grant the Defendants' Motion in its entirety and dismiss the Plaintiff's Complaint.

**II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

In accordance with the standard of review applicable to a motion to dismiss,

the following facts are derived from the Plaintiff's Amended Complaint (doc. 36) and viewed in a light most favorable to the Plaintiff.

Plaintiff Shamirah Bellinger ("Plaintiff") is the daughter of decedent and former state prison inmate Edward Bellinger ("Decedent") and brings this lawsuit individually and in her capacity as administrator of the Decedent's estate. (Doc. 36, ¶¶ 1-2). The Amended Complaint identifies the following individuals and institutions as Defendants: Pennsylvania State Correctional Institution Rockview ("Rockview"); Pennsylvania Department of Corrections ("Department"); Marirosa Lamas, Superintendent of Rockview; Robert Marsh, Deputy Superintendent for Centralized Services at Rockview ("Marsh"); Jeffrey Rackovan, Superintendent's Assistant ("Rackovan"); Richard Ellers, Director, Bureau of Health Care Services at Rockview ("Ellers"); and several unknown psychologists and doctors.

At all times relevant to the Amended Complaint, the Plaintiff's Decedent was an inmate at the Rockview correctional institution. (*Id.* ¶ 23). The Decedent had been diagnosed by a physician at Rockview with paranoia and was prescribed antipsychotic medication. (*Id.* ¶¶ 24-25). The Decedent had at times refused food, medical care, psychiatric care, and medication and often complained that he felt his life was in danger. (*Id.* ¶ 26). On approximately June 10, 2011, the Decedent contacted his sister, the Plaintiff, from the prison telephone and advised her that

"they are trying to kill me," apparently without specifying who "they" were. (*Id.* ¶ 27). Correctional officers overheard the Decedent relaying his concerns to his sister. (*Id.* ¶¶ 28-29). On June 11, 2010, at approximately 3:43 p.m., the Decedent took his own life by hanging himself with a bed sheet that had been provided to the Decedent by the Department. (*Id.* ¶ 33).

Plaintiff commenced this action with the filing of a Complaint in the United States District Court for the Eastern District of Pennsylvania on June 11, 2012 where it was assigned to Judge Thomas N. O'Neill, Jr. (Doc. 1). In her Complaint, the Plaintiff asserted claims for wrongful death and survival against the collective Defendants in addition to a claim for professional negligence against Defendant John Symons, the medical director at SCI Rockview. On October 12, 2012, after four months of inaction by the Plaintiff, Judge O'Neill dismissed the case without prejudice for lack of prosecution. (Doc. 2). Notwithstanding the dismissal, the Plaintiff thereafter filed several affidavits of service (docs. 3-4), and on October 18, 2012, several of the Defendants filed a motion to transfer venue to this District (doc. 5). On October 21, 2012, the Plaintiff moved for reconsideration of the non-prejudicial dismissal, and Judge O'Neill granted that motion and reopened this litigation on October 22, 2012.

Thereafter, on November 27, 2012, Judge O'Neill granted the motion for

change of venue and this matter was transferred to this District. (Doc. 12). On January 11, 2013, Defendant Symons moved to dismiss the claims against him for lack of prosecution and, in particular, for Plaintiff's failure to file a Certificate of Merit as required by Pennsylvania law in professional negligence actions. (Doc. 24). Consistent with the practice of Plaintiff's counsel as evinced by the docket to date, Plaintiff failed to oppose that motion or file the requisite Certificates. As a result, we dismissed the claims against Symons on February 1, 2013. (Doc. 29).

On March 6, 2013, the remaining Defendants moved the Court to dismiss the balance of the Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (Doc. 34). In the Motion, the Defendants contend that the Plaintiff has failed to state any claims invoking the jurisdiction of this Court. While the Plaintiff alleges broadly in Paragraph 20 of her pleading that jurisdiction over the remaining claims is founded upon 42 U.S.C. § 1983 ("Section 1983"), the Defendants argue that the wrongful death and survival claims are based solely on violations of state law and thus jurisdiction in this Court is improper. The Defendants additionally contend that they are immune from liability for the state law claims.

On March 20, 2013, presumably in response to the pending Motion to Dismiss, and on the date that opposition papers to the same were due to this Court,

the Plaintiff filed an Amended Complaint. (Doc. 36). While such a filing would typically moot the pending dispositive Motion, our review of that pleading revealed that the marginal alterations made by the Plaintiff do not respond to or otherwise moot the arguments raised in the Defendants' Motion. (*Id.*). We thus ordered the Plaintiff to file opposition papers within fourteen (14) days of that date, or by April 4, 2013. (*Id.*). That date has passed without any activity on the docket by the Plaintiff, and the Motion is thus deemed unopposed pursuant to Local Rule of Court 7.6 and this Court's Orders.

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items

appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than a "sheer possibility." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later expounded upon and formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a Rule 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## IV. DISCUSSION

Notwithstanding the Plaintiff's pervasive failure to prosecute this action, in the interest of abundant caution, we briefly address the merits of the Plaintiff's claims and the arguments raised by the Defendants. Ultimately, we find that

7

jurisdiction in this Court is improper as a matter of law and will dismiss the balance of the Plaintiff's Amended Complaint.

As noted, the Plaintiff asserts only state law claims for wrongful death and survival as against each of the remaining Defendants and posits that this Court has jurisdiction over these state law claims pursuant to 42 U.S.C. § 1983. (Doc. 36, ¶ 20).[1] However, a Section 1983 label does not automatically transform claims for violations of state law into federally justiciable claims. Indeed, Section 1983 does not pertain to state substantive rights or create state causes of action at all, but instead is a vehicle by which an aggrieved party can allege a deprivation of a federal statutory or constitutional right. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) ("By its terms, of course, [Section 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."). Thus, our inquiry in any claim having Section 1983 as its jurisdictional basis is "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998). In other words, to properly invoke jurisdiction on the basis of Section 1983, the plaintiff must assert a claim that his or her *federal* rights were violated. *Id.*

---

[1] Plaintiff's counsel obviously missed the exceedingly salient point made by the Defendants in their Motion to Dismiss. The mere mention of jurisdictional authority, without more, accomplishes nothing. Not one of the twelve separate counts in the Amended Complaint articulates a federal claim.

As we have noted, the Plaintiff asserts only two claims in her pleading: a wrongful death claim pursuant to 42 PA. CONS. STAT. § 8304 and survival action pursuant to 42 PA. CONS. STAT. § 830 and 20 PA. CONS. STAT. § 3373. Thus, the only claims contained in the Amended Complaint are based upon violations of state law and are purely state causes of action. Thus, the inquiry directed by *County of Sacramento*, whether the Plaintiff has alleged a violation of a federal or constitutional right at all, is answered in the negative, divesting this Court of jurisdiction. *Id.* at 841. Accordingly, because Section 1983 does not provide a basis for federal jurisdiction over the Plaintiff's state law claims, and further because we are independently unable to discern any alternative basis upon which this Court might properly hear the Plaintiff's state law claims. For this reason, we will grant the Defendants' Motion to Dismiss and dismiss the balance of the Plaintiff's Amended Complaint.[2]

---

[2] Although our decision is based on the Plaintiff's failure to articulate, either expressly or implicitly, any federal claim in her pleading, we are compelled to note that any such claim even if properly raised would necessarily fail to survive a motion to dismiss on the facts as pled to the Court. The Supreme Court has repeatedly held, and the Third Circuit has routinely reaffirmed, that in order for an inmate to state a claim for constitutionally deficient standards of care in a correctional facility, allegations of simple negligence and medical malpractice do not suffice. Indeed, the Third Circuit specifically held that "conclusory allegations of medical malpractice or disagreements as to the proper medical treatment" do not make out a constitutional claim. *Cnty. of Sacramento*, 523 U.S. at 848-50. Here, Plaintiff renders the blanket conclusion in an introductory paragraph that the Defendants must have been deliberately indifferent to the Decedent's care because they failed to anticipate and/or prevent his suicide. As noted, such blanket assertions of deliberate indifference, especially unaccompanied by factual support, fall short of establishing a constitutional violation. Thus, even if the Plaintiff had actually couched

## V. CONCLUSION

For all of the reasons articulated therein, we will grant the remaining Defendants' unopposed Motion to Dismiss (Doc. 34) and dismiss the balance of the Plaintiff's Amended Complaint in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), for lack of subject matter jurisdiction. An appropriate Order shall issue.

---

her grievances within one of the counts in her pleading as a violation of the Eighth or Fourteenth Amendments, the facts pled simply do not establish any level of deliberate indifference requisite to support such a constitutional claim and dismissal would nonetheless be appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6).